# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

No. 19-30250
Summary Calendar

June 23, 2020

Lyle W. Cayce
Clerk

LARRY LEWIS,

Plaintiff - Appellant

v.

JERRY GOODWIN; DOCTOR HEARNE; COL NAIL; DEBORAH CODY; JOEL WILLIAMS; KAYLA SHERMAN,

Defendants - Appellees

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:18-CV-800

Before BARKSDALE, ELROD, and DUNCAN, Circuit Judges.

PER CURIAM:[*]

Proceeding *pro se* and *in forma pauperis* (IFP), Larry Lewis, Louisiana prisoner # 364402, challenges the dismissal, pursuant to 28 U.S.C. §§ 1915 and 1915A, of his 42 U.S.C. § 1983 complaint as frivolous and for failing to state a claim upon which relief may be granted. He contends defendants violated his Eighth Amendment right to be free from cruel and unusual punishment by

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 19-30250

treating him with deliberate indifference when: placing him on a prison tier without a shower accessible to people with disabilities; refusing to allow him access to an accessible shower or to otherwise provide a chair or other equipment to make a shower accessible; and denying him the use of a cane or walker in his cell. (Even liberally construing Lewis' brief, as required for *pro se* appellants, Lewis has abandoned any other claims for failure to brief. *Yohey v. Collins*, 985 F.2d 222, 224–25 (5th Cir. 1993).)

Sections 1915(e)(2)(B) and 1915A(b)(1) provide for the dismissal of a prisoner's IFP civil action if, *inter alia*, it is frivolous or fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b)(1). Where, as in this instance, "a district court dismisses a complaint both as frivolous and as failing to state a claim[,] . . . we review the dismissal *de novo*". *Samford v. Dretke*, 562 F.3d 674, 678 (5th Cir. 2009) (per curiam) (italics added) (citation omitted).

In determining whether the complaint fails to state a claim, our court "us[es] the same standard applicable to dismissals under Federal Rule of Civil Procedure 12(b)(6)". *Rogers v. Boatright*, 709 F.3d 403, 407 (5th Cir. 2013) (citation omitted). In that regard, "a complaint fails to state a claim upon which relief may be granted when it does not contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face". *Id.* (internal quotation marks and citation omitted). Along that line, "[a]llegations of *pro se* complaints are held to less stringent standards than formal pleadings drafted by lawyers". *Id.* (citation omitted).

"The Eighth Amendment's prohibition against cruel and unusual punishment requires prison officials to provide humane conditions of confinement, ensuring that inmates receive adequate food, clothing, shelter, and medical care . . . ." *Palmer v. Johnson*, 193 F.3d 346, 351–52 (5th Cir.

1999) (internal quotation marks and citation omitted).  To state an Eighth Amendment claim based on prison conditions, plaintiff must show:  an objective, and "sufficiently serious", deprivation; and an official or officials "act[ed] with deliberat[e] indifference to inmate health and safety".  *Coleman v. Sweetin*, 745 F.3d 756, 764 (5th Cir. 2014) (per curiam) (internal quotation marks and citation omitted).  Similarly, to state an Eighth Amendment claim for inadequate medical care, plaintiff must show an official or officials acted with "deliberate indifference to serious medical needs".  *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (citation omitted).  Accordingly, "[w]hether one characterizes the treatment received by [Lewis] as inhumane conditions of confinement, failure to attend to his medical needs, or a combination of both, it is appropriate to apply the deliberate[-]indifference standard".  *Wilson v. Seiter*, 501 U.S. 294, 303–04 (1991) (internal quotation marks and citations omitted).

"Deliberate indifference is an extremely high standard to meet." *Domino v. Tex. Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001).  A prison official acts with deliberate indifference only if "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference".  *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

Lewis' contentions do not show that, even if defendants were aware of any risk of harm, they consciously disregarded the risk by failing to take reasonable measures to abate it.  *See id.*  Rather, his claims amount to a disagreement with the opinions of medical personnel and with the medical treatment he received, which is insufficient to state a deliberate-indifference

claim. *See Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006) (citations omitted).

The district-court dismissal of Lewis' complaint counts as a strike pursuant to 28 U.S.C. § 1915(g). Lewis is warned that, if he accumulates three strikes, he will not be allowed to proceed IFP in any civil action or appeal filed while "incarcerated or detained in any facility", unless he "is under imminent danger of serious physical injury". 28 U.S.C. § 1915(g).

AFFIRMED. SANCTION WARNING ISSUED.